UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| TERRY FLOUNORY | ) CASE NO. 18-55404-PMB |
| | ) |
| | ) |
| DEBTOR. | ) |

## CHAPTER 13 TRUSTEE'S
## OBJECTION TO CONFIRMATION & MOTION TO DISMISS

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. Pursuant to testimony at the meeting of creditors, the Debtor has not filed all tax returns that have come due in the four (4) years preceding the filing of this case, in violation of 11 U.S.C. Section 1308 (a). The Debtor should provide evidence that the tax returns have been filed for 2016 and 2017.

3. The Debtor has failed to provide the Trustee with a copy of the federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

4. Schedule G fails to reflect the Debtor's executory contract with New Avenues.

5. The Chapter 13 Plan appears to be infeasible because the budget in the Schedules fails to include a lease expense for New Avenues in the amount of $70.00 per month. 11 U.S.C. Section 1325(a)(6).

6. As the Debtor received a Chapter 7 discharge on October 8, 2013 in case number 13-58125 filed April 12, 2013, the proposal to pay unsecured creditors a zero percent (0%) dividend may indicate a lack of good faith in violation of 11 U.S.C. Section 1325(a)(3).

7. The Debtor's Chapter 13 Plan fails to provide for an increase in plan payments when the direct payments of $70.00 per month for a lease end, in possible violation of 11 U.S.C. Sections 1325(a)(3), 1325(b)(1)(B) and 1325(b)(2)(A).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

8. The Chapter 13 Trustee is unable to administer the provisions in the Chapter 13 Plan regarding the claim of Linda Miller, who does not appear to be an actual creditor. The Plan should be amended to clarify the creditor's treatment and/or to provide additional information to allow administration of the payments to the creditor.

9. Pursuant to the Bankruptcy Code and/or the proposed Chapter 13 Plan, Debtor must file a motion and obtain a court order determining the secured status of the Internal Revenue Service.

10. The Chapter 13 Plan fails to provide for the assumption and funding or rejection of executory contract owed to New Avenue in violation of 11 U.S.C. Section 365(b)(1)(C).

11. Debtor has failed to file a Certificate of Service regarding the Chapter 13 Plan and/or the filed Certificate of Service fails to indicate service on all entities listed on the Mailing Matrix in violation of F.R.B.P. 3015, 2002 and NDGA Bankruptcy Court General Order 21-2017, Section 4.2.

12. Debtor has failed to file a Certificate of Manner of Service showing proper service upon Linda Miller, pursuant to Federal Rules of Bankruptcy Procedure 2002, 3015, and 7004 in violation of NDGA Bankruptcy Court General Order 21-2017.

13. Debtor's Chapter 13 Plan provides for avoidance of a lien in Paragraph 3.4; however, this provision contains an error in the calculation, either preventing the Trustee from administering this provision and/or properly treating LVNV and Linda Miller.

14. The Chapter 13 plan proposes to pay $5,000.00 to the Debtor's Attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Melissa J. Davey
Melissa J. Davey
Chapter 13 Trustee
GA Bar No. 206310

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| TERRY FLOUNORY | ) | |
| | ) | CASE NO.: 18-55404-PMB |
| | ) | |
| DEBTOR. | ) | |

18-55404-PMB            **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    TERRY FLOUNORY
    10641 TARA VILLAGE WAY
    JONESBORO, GA  30238

    DEBTOR(S) ATTORNEY:
    SLIPAKOFF & SLOMKA, PC
    OVERLOOK III, SUITE 1700
    2859 PACES FERRY RD, SE
    ATLANTA, GA  30339

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Wednesday, May 16, 2018

/s/
Melissa J. Davey
GA Bar No. 206310
Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:   678-510-1450